**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 4S DEVELOPMENT COMPANY, LTD., LLLP (4S),<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC), in its capacity as Receiver For First State Bank of Altus, Altus, Oklahoma,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-10-299-M |

**ORDER**

Before the Court is the Motion of Defendant FDIC as Receiver of First State Bank of Altus, to Dismiss, filed June 30, 2011. Plaintiff's response was filed on August 11, 2011. Defendant's reply was filed on August 16, 2011.

I. Introduction

4S Development Company, Ltd., LLP ("plaintiff"), is a limited liability partnership with its principal place of business located in Hayden, Colorado. The First State Bank of Altus ("FSB") was a state banking association located in Altus, Oklahoma. On July 31, 2009, the Oklahoma State Banking Commissioner closed FSB, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as Receiver of the Bank.

On March 21, 2006, plaintiff and Grassy Creek Holding Company, LLC entered into a memorandum of understanding with Oasis Development, LLC ("Oasis"). Oasis agreed to provide a loan to plaintiff for construction development. On March 21, 2006, plaintiff also opened a bank account at FSB with $500,000.00 in loan proceeds.

On April 26, 2006, FSB provided a $9,000,000 line of credit to plaintiff, and plaintiff executed a promissory note in favor of FSB. As part of said promissory note, plaintiff included as security 907 acres of development property located in Hayden, Colorado. In its complaint, plaintiff alleges that on or about May 19, 2006, Mountain Adventure Property Investments ("MAPI") was formed and on November 16, 2006, plaintiff deeded several lots of land located in Colorado to MAPI. Plaintiff also contends that on January 9, 2007 and February 15, 2007 two unauthorized checks totalling $76,677.36 were paid from its checking account at FSB.

In accordance with notice requirements posted by FDIC as receiver, plaintiff filed a $10,000,000.00 proof of claim on November 2, 2009. On January 25, 2010, plaintiff received notice of the disallowance of its claim from defendant. On March 24, 2010, plaintiff filed this lawsuit.

## II. Discussion

### a. Alleged Payment of Loan

In plaintiff's first cause of action it alleges that the construction development loan owed to FSB was repaid by the transfer of several lots to MAPI. Plaintiff also contends it has provided documentation showing payments of the loan by transfer of said lots to MAPI and properly filed the required proof of claim but that defendant has refused to provide clear title to 900 acres of foreclosed land it previously owned. Defendant contends plaintiff's alleged loan payment was not presented to it as part of plaintiff's proof of claim and that any such claim is now time barred. Defendant also contends the documents relied on by plaintiff, the credit memorandum and memorandum of understanding do not reference transfer of property satisfying the debt nor, are these documents signed by FSB or approved by its board of directors or loan committee.

12 U.S.C. Section 1823(e)(1) provides:

> No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution shall be valid against the Corporation unless such agreement:
>
> (A) is in writing,
>
> (B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
>
> (C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board of committee, and
>
> (D) has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e)(1).

Having reviewed the parties' submissions, the Court finds that plaintiff has failed to submit any evidence of FSB's board of directors or its loan committee's approval of any document reflecting an agreement that FSB would advance the amount of the note or that the transfer of property would satisfy FSB's loan to plaintiff. Additionally, the Court finds no reference to the return of 900 acres of foreclosed property in plaintiff's proof of claim. Therefore, defendant's motion to dismiss as to plaintiff's first cause of action, for failure to state a claim is granted.

b. Plaintiff's Fraud Claim

In plaintiff's second cause of action it alleges defendant engaged in fraudulent and predatory lending when it only loan plaintiff $3,6000,000.00 rather than the $9,000,000.00 it requested. Plaintiff claims it was induced into taking out a loan under terms that were unaffordable,

unconscionable and unfair. Specifically, plaintiff contends the credit memorandum, memorandum of understanding and promissory note demonstrate that FSB misrepresented the loan, the terms of the loan, its ability to fund the loan and its overall lending limit.

Defendant contends there was no fraud and that normal banking practices were utilized. Defendant contends the promissory note was completed as a multiple advance note. Defendant contends the fact that the promissory note was subject to upstream lender negotiations and the credit memorandum's reference to the possible participation of the First National Bank of the Rockies, Hayden is a common way to refer to other lender participants. Finally, defendant contend that neither document presented by plaintiff reflects the approval by FSB's board of directors or loan committee.

Federal Rule of Civil Procedure 9(b) provides, in pertinent part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud . . . and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006) (internal quotations and citations omitted). Further:

> Rule 9(b) does not . . . require the pleading of detailed evidentiary matter, nor does it require any particularity in connection with an averment of intent, knowledge, or condition of mind. It only requires identification of the circumstances constituting fraud or mistake. That requirement means . . . that individual plaintiffs should identify particular defendants with whom they dealt directly . . . ; that individual plaintiffs should designate the occasions on which affirmative statements were allegedly made to them - and by whom; and that individual plaintiffs should designate what affirmative misstatements or half-truths were directed to them – and how.

*Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986).

Having carefully reviewed submissions of the parties, the Court finds that plaintiff has failed to plead facts constituting fraud with the particularity required by Fed. R. Civ. P. (b), but rather merely makes broad reference to three documents being in the possession of defendant. Accordingly, the Court grants defendant's motion to dismiss on plaintiff's claims of fraud and predatory lending.

c. Theft of Funds

Plaintiff also contends as a condition to receiving the FSB loan it was required to establish a banking account at FSB. Plaintiff contends on January 9, 2007, and again on February 15, 2007, FSB wrongfully paid two checks drawn on its account. Plaintiff contends the two check totally $76,677.36, were each signed by persons who were not authorized signers and that it made written request for refund to FSB on December 22, 2008 and January 22, 2009. Defendant contends as above, that plaintiff failed to include the request for the refund of $76,677.36 in its claim of proof and therefore this request is also time barred. Additionally, defendant contends plaintiff's claim for a refund is insufficient because it was not submitted within a year after receiving the bank statement which included the items alleged to have been wrongfully paid. 12A Okla. Stat. § 4-406(a) and (f).

Oklahoma Statute Sections 4-406(a) and (f) provides, in pertinent parts:

> (a) A bank that sends or makes available to a customer a statement of account showing payment of items for the account shall either return or make available to the customer the items paid or provide information in the statement of account sufficient to allow the customer reasonably to identify the items paid. The statement of account provides sufficient information if the item is described by item number, amount, and date of payment

* * * *

> (f) Without regard to care or lack of care of either the customer or the bank, a customer who does not within one (1) year after the statement or items are made available to the customer (subsection 9(a) of this section) discover and report the customer's unauthorized signature on or any alteration on the item is precluded from asserting against the bank the unauthorized signature or alteration . . . .

Therefore, based upon the reasons set forth above, the Court finds that plaintiff has failed to state a claim as to its wrongful payment of checks claim. The Court, thus, finds that plaintiff's third cause of action should be dismissed for failure to state a claim.

d. Improper Denial of Proof of Claim

In plaintiff's fourth cause of action, plaintiff seeks judicial review of defendant's denial of its November 2, 2009, proof of claim. Plaintiff contends that on November 2, 2009, it timely filed a proof of claim for $10,000,000.00 and that the claim was disallowed by defendant on January 25, 2010. Plaintiff contends the only explanation it received regarding the disallowance of its claim was that the claim was not fixed and certain as of bank closing, and thus was not allowed. Plaintiff argues the disallowance of its claim by defendant was also arbitrary and capricious, without basis or justification, and contrary to applicable provisions of the Federal Deposit Insurance Act. Plaintiff also contends the refusal of defendant to allow the claim is a violation of defendant's statutory duties. Defendant contends while entitled to a judicial determination of its claim, plaintiff is not entitled to review of defendant's disallowance of the claim. Defendant also contends plaintiff is not entitled to the relief it seeks, namely the return of real property which is owned by the FDIC Receiver subject to a post- failure foreclosure sale.

12 U.S.C. Section 1821(d)(13)(D) provides:

> Limitation on judicial review

> Except as otherwise provided in this subsection [i.e., after administrative process is pursued sufficiently under 12 U.S.C. § 1821(d)(6)(A)], no court shall have jurisdiction over-
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including asserts which the [FDIC] may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

Upon review of the parties' submissions, the Court finds that the proof of claim document submitted by plaintiff fails to list the return of property and lands or the repayment of $76,677.36 allegedly taken from plaintiff's checking account plus interest accrued. Rather, the only claim description provided on plaintiff proof of claim is "subordinated debt" in the amount $10,000,000.00. Plaintiff does appear to have attached to the proof of claim a letter on its stationary dated November 2, 2009, addressed to defendant referencing a $9,000,000.00 promissory note and several other documents, none of which appear to support plaintiff's $10,000,000.00 claim. The Court therefore finds defendant's disallowance of plaintiff's $10,000,000.00 claim not to be arbitrary nor capricious but supported by the evidence presented in this case. For the reason stated, the Court finds that plaintiff has failed to state a claim as to its fourth cause of action and the same should be dismissed.

## III. Conclusion

For the reasons set forth above, the Court GRANTS the Motion of Defendant, FDIC as Receiver of First State Bank of Altus, to Dismiss [docket no. 22].

**IT IS SO ORDERED this 1st day of November, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE